IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINCENT ROGER HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00019 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## ORDER

Vincent Roger Harris, a state prisoner incarcerated at the South Central Correctional Center in Clifton, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. After the Court denied the petitioner's application to proceed without prepaying the filing fee, the petitioner submitted the requisite $5.00 fee. The petition has therefore been accepted for filing and assigned a civil docket number.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the judge to whom a habeas corpus action has been assigned is to "promptly examine" the habeas petition after it has been properly filed. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Gov'g § 2254 Cases.

The claims in the instant petition are garbled and difficult to understand. What is clear from the pleading and the documents attached thereto, however, is that the petitioner pleaded guilty to the offenses of voluntary manslaughter and arson on December 1, 2005. On the same date, in accordance with a negotiated plea agreement, the petitioner was sentenced to consecutive sentences of fifteen years for each conviction. The petitioner did not file a direct appeal, but he did file a petition for post-conviction relief in the state court on November 22, 2006, asserting that he had been deprived of the effective assistance of counsel during the plea proceedings, and that his guilty plea was not knowing and voluntary. The trial court denied the petition on July 2, 2008 (*see* ECF No. 1, at 90–100), and the Tennessee Court of Criminal Appeals affirmed. *Harris v. Tennessee*, No. M2008-01422-CCA-R3-PC, 2009 WL 3673045 (Tenn. Ct. Crim. App. Nov. 5, 2009). The present habeas petition under 28 U.S.C. § 2254 was given to prison officials for mailing on November 12, 2012.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from

the time that his or her judgment becomes final on direct appeal to file a petition for habeas corpus in federal court. 28 U.S.C. § 2244(d)(1)(A). This statute of limitations "begins to run from the latest of four circumstances, one of which is the 'date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review.'" *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009) (quoting § 2244(d)(1)(A)). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count against a petitioner when calculating the filing deadline under § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(2).

Because the petitioner did not file a direct appeal of his judgment or sentence, his conviction became final thirty days after the judgment was entered. Tenn. R. App. P. 4. The petitioner was convicted and sentenced on December 5, 2006. The petitioner's conviction therefore became final on Wednesday, January 4, 2007. *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[A] judgment of conviction entered upon a guilty plea becomes final thirty (30) days after acceptance of the plea agreement and imposition of sentence."). Under AEDPA, the petitioner had one year from that date to file his habeas petition in this court. The limitation period was tolled, however, beginning on November 22, 2006, the day the petitioner filed his state post-conviction petition, and remained tolled until the state post-conviction proceedings concluded. After the Tennessee Court of Criminal Appeals issued its opinion denying relief on November 5, 2009, the petitioner had sixty days within which to file an application for permission to appeal to the Tennessee Supreme Court. Tenn. R. App. P. 11(b). The limitations period for filing the petitioner's habeas petition therefore began to run again on or about February 4, 2010, and the petitioner at that point still had approximately had forty-four days left to file his habeas corpus petition in this Court. The petition was submitted to prison officials for filing on November 12, 2012, more than two and a half years later. It is clearly outside AEDPA's statute of limitations.

"Because [t]his one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *quoted in Pinchon v. Myers*, 615 F.3d 631, 641 (6th Cir. 2010). A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). The petitioner in this case has not presented any basis for equitable tolling. He simply includes a request in his petition that "any Filing Time Deadline be waived" because

the petitioner "is not a Professional Attorney." (ECF No. 1, at 11.) The fact that the petitioner is not an attorney is not an extraordinary circumstance and certainly does not provide a basis for extending the filing deadline an additional two years and a half years. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999), for the proposition that a *pro se* petitioner's ignorance of the law does not justify tolling).

Because it is clear from the petitioner's filing that the present petition was filed well outside the statute of limitation, and because the petitioner has not presented any basis for equitable tolling, the petition is hereby **DISMISSED**, under the authority of Rule 4 of the Rules Governing § 2254 petitions, as barred by the statute of limitations.

The Clerk of Court is directed to serve a copy of the petition and this order on the Tennessee Attorney General, and to give notice of this order to the petitioner. Rule 4, Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge

-3-

Case 3:13-cv-00019 Document 11 Filed 01/17/13 Page 3 of 3 PageID #: 163