IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINCENT ROGER HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00019 |
| ) | |
| STATE OF TENNESSEE, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is the petitioner Vincent Roger Harris's motion for relief from judgment (ECF No. 19). For the reasons set forth herein, the motion will be denied.

I. **Procedural Background**

As detailed in the order summarily denying petitioner Harris's § 2254 petition, Harris pleaded guilty to state charges of voluntary manslaughter and arson on December 5, 2006 and received consecutive sentences of fifteen years on each conviction, for a total effective sentence of thirty years. He did not pursue a direct appeal of his conviction, so the conviction became final on Wednesday, January 4, 2007. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) ("[A] judgment of conviction entered upon a guilty plea becomes final thirty (30) days after acceptance of the plea agreement and imposition of sentence."). The one-year statute of limitations for filing a federal habeas petition began running from that date. 28 U.S.C. § 2244(d)(1)(A). The limitations period ran for 321 days, until it was tolled beginning November 22, 2006, when Harris filed a petition for post-conviction relief in the state court. *See* 28 U.S.C. § 2244(d)(2) (providing that the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending"). The Tennessee Court of Criminal Appeals affirmed the denial of that petition on November 5, 2009. *Harris v. Tennessee*, No. M2008-01422-CCA-R3-PC, 2009 WL 3673045 (Tenn. Ct. Crim. App. Nov. 5, 2009). Under state law, that judgment became final 60 days later, on Monday, January 4, 2010, when the time for filing a petition for review by the Tennessee Supreme Court expired. Tenn. R. App. P. 11(b). The limitations period for filing a federal habeas petition began running again the next day. At that point, the petitioner still had 44 days remaining to file a habeas petition. The statute of limitations in 28 U.S.C. § 2244

therefore expired on February 17, 2010.[1]

The petitioner initiated this *pro se* habeas corpus action under 28 U.S.C. § 2254 nearly three years later, on November 12, 2012. Although the limitations period had clearly expired, the petitioner failed to assert any basis for tolling the statute of limitations. The Court therefore summarily dismissed the action as untimely on January 17, 2013. (*See* ECF No. 11.)

Now, more than eighteen months later, the petitioner moves for relief from judgment, citing Rule 60 of the Federal Rules of Civil Procedure.

**II.  Standard of Review**

In reviewing this motion, the Court first concludes that it should not be deemed a disguised second or successive habeas petition. In habeas proceedings, a Rule 60 motion that challenges a district court's determination of whether a habeas petition was time barred is not a "second or successive" habeas petition and is properly brought under Rule 60. *Gonzales v. Crosby*, 545 U.S. 524, 532 n.4 (2005).

Rule 60(b) provides that the court may relieve a party from judgment for a variety of reasons including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud or misconduct by an opposing party; a void judgment; or satisfaction of judgment. Fed. R. Civ. P. 60(b)(1)–(5). None of these is applicable. The Court therefore presumes that the petitioner seeks relief under the catch-all provision in Rule 60(b)(6), which provides that the court may relieve a party from a final judgment for "any other reason that justifies relief."

Reopening a final judgment is not favored, and a petitioner seeking relief under this subsection must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzales*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). The Sixth Circuit has explained the limits of Rule 60(b)(6)'s applicability: "This Circuit adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citations omitted).

---

[1] In the order denying Harris's habeas petition as time-barred, the Court mistakenly calculated 90 days instead of 60 days for filing a petition for review by the Tennessee Supreme Court. This discrepancy does not affect the Court's judgment that the statute of limitations had expired long before Harris filed his habeas petition.

The extraordinary circumstances required by this rule "will rarely occur in the habeas context." *Gonzales*, 545 U.S. at 535.

In this case, the petitioner does not address the Rule 60 standard, but instead asserts that "extraordinary circumstances" prevented the timely filing of his habeas petition and therefore that the statute of limitations governing the filing of § 2254 petitions should be equitably tolled. (ECF No. 19, at 1 (citing *Pace v. DeGuglielmo*, 544 U.S. 408 (2005), and *Holland v. Florida*, 560 U.S. 631 (2010)).) Under *Holland*, "a petitioner is entitled to equitable tolling [of the statute of limitations] only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." 560 U.S. at 649. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

### III. Discussion

The petitioner states that on March 21, 2009, he filed a civil rights complaint with the Tennessee Title VI Compliance Commission and the United States Department of Justice against officials at the Turney Center Industrial Complex ("TCIX"), where he was incarcerated at the time, accusing prison officials of denying him access to the courts. (ECF No. 19-2.) The petitioner asserts that, after filing this complaint, he was "repeatedly harassed and retaliated against by prison officials and received 17 disciplinaries in 17 months in retaliation/reprisal to discredit his character, tarnish his reputation, and done as intimidation to discourage petitioner from challenging unjust prison officials practices." (ECF No. 19, at 1.)

It appears that Harris intends to argue that the statute of limitations should be tolled because the allegedly retaliatory actions by prison officials prevented a timely filing of his habeas petition. As indicated above, however, as of March 2009, Harris's state post-conviction appeal was still pending, and the statute of limitations for filing a federal habeas petition was tolled.

Moreover, in October 2009, while his post-conviction proceedings were still pending and the statute of limitations for filing a federal habeas petition remained tolled, the petitioner notified the state court that he had officially fired his post-conviction counsel; he also filed a lengthy complaint of judicial misconduct against Judge Mark Fishburn. (*See* ECF No. 1, at 34, 41.) In other words, at that time, approximately seven months after filing his civil rights complaint, the petitioner apparently was not having difficulty accessing the courts.

The petitioner does not allege, and provides no evidence to suggest, that he was unable to access the courts between November 5, 2009 (when the Tennessee Court of Criminal Appeals affirmed the denial of his post-conviction petition) and February 17, 2010, the window during which he needed to file his federal habeas petition.

He nonetheless alleges that, because of the constant harassment at TCIX, he agreed to be transferred to the Deberry Special Needs Facility ("DSNF") to participate in a Mental Health Program. He claims that he was "essentially tricked" into agreeing to participate in this Mental Health Program, because, unbeknownst to him, it meant that he would be "force medicated with a major psychotropic tranquilizer, **Haldol Decanoate**, against his will for approximately a year." (*Id.* at 2.) During the same time frame, he was separated from his legal documents and personal effects for approximately 3 to 4 months following his transfer to DSNF. He claims that during this time, he prepared his federal habeas petition but was unable to send it.

This argument is irrelevant. The petitioner's documents show that he was transferred to DSNF in August 2010, well after the statute of limitations for filing a federal habeas petition had already expired. (*See* ECF No.19-9 (TDOC "Offender Classification Summary," documenting Harris's transfer to DSNF).) Moreover, although the plaintiff claims that, while he was at DSNF, he was forcibly administered psychotropic medication that interfered with his ability to function, the records he submitted to the Court indicate that TDOC's effort to have him declared mentally incompetent and to appoint a conservator was unsuccessful and that the petitioner was able to refuse the medication provided to him at DSNF. (*See* ECF No. 19-8 (June 2011 Order dismissing TDOC's petition for the appointment of a conservator for Vincent Harris on the basis that TDOC was unable to prove that Harris was presently incapacitated and incapable of making his own decisions); ECF No. 19-3, at 2 (DSNF medical note dated June 27, 2011, stating: "D/C Haldol Dec, pt refuses to take").)

In short, the petitioner has failed to establish extraordinary circumstances to justify either tolling the statute of limitations or granting a Rule 60 motion. Nor does he show that he diligently pursued his rights. Moreover, the Court notes that a motion under Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The petitioner here does not fully explain why he waited more than a year and a half following the denial of his petition on statute-of-limitations grounds to file his Rule 60 motion.

**IV.	Conclusion**

For all these reasons, the Rule 60 motion will be denied. Because the petitioner has not made a substantial showing of the denial of a constitutional right and because his claims in this Rule 60 motion do not merit further review, 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b), the Court will also deny a Certificate of Appealability.

An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge